[Civ. No. 9876. Second Appellate District, Division Two.—December 21, 1934.]

FLORENCE GRACE FOLSOM, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Ralph G. Lindstrom and Arthur H. Glanz for Petitioner.

Everett A. Corten, Arthur I. Townsend and George D. Blair for Respondents.

SCOTT, J., *pro tem.*—Frederick J. Folsom, husband of petitioner, was killed by a cave-in of a ditch while employed by respondent Oswald Brothers. An award to the widow was made in the sum of $5,000, which is not contested. Respondent commission refused to award an additional $2,500 sought by petitioner for alleged serious and wilful misconduct by employer, and found that "the evidence does not establish that said injury was caused by the serious and wilful misconduct of the employers, a copartnership, or the managing representative or general superintendent thereof". Petitioner in this proceeding questions the jurisdiction of respondent commission to make such finding and award, and alleges that evidence is lacking to support it.

For some time prior to his death deceased, an experienced bridge builder, had been working for Oswald Brothers as superintendent, had been laid off and was recalled to take charge of the construction of a bridge as foreman or superintendent. Trenches twelve or more feet deep were dug by a "clam shell" and dragline, piling was set up and the dirt filled in. The evidence indicated that it was not feasible to place material to "shore" or "brace" the side walls during the excavating operations. Being more than four feet in depth, the "Trench Construction Safety Orders" issued by respondent commission required this protective bracing. The failure to protect the trench is the basis of petitioner's claim for extra compensation.

Deceased was in charge of the work with instructions "not to take any chances, to take all their jacks and timbers, and if there was any danger, not to take any chances". ■ To excavate and place the piling and complete the operation it was unnecessary for anyone to enter the trench. Folsom disregarded his employer's orders and, acting without attention to the very obvious danger, went into the trench, where he met his death. Under such circumstances (*Ethel D. Co.* v. *Industrial Acc. Com.*, 219 Cal. 699 [28 Pac. (2d) 919]) and under the definition set out in *E. Clemens Horst Co.* v. *Industrial Acc. Com.*, 184 Cal. 180 [193 Pac. 105, 16 A. L. R. 611], respondent commission properly decided that his dependent was not entitled to the extraordinary award which she here seeks to recover, but is limited to the amount already allowed.

██ Other questions raised as to alleged procedural error require no consideration in a proceeding in *certiorari*. (4 Cal. Jur. 1036, sec. 14.)

Award affirmed.

Stephens, P. J., and Crail, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 18, 1935.